# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINO RODRIGUEZ-LINARES,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Case No. 12-CR-0381 W<br>             12-CV-2473 W<br><br>**ORDER DENYING (1) MOTION FOR TIME REDUCTION UNDER 28 U.S.C. § 2255 [DOC. 26], AND (2) CERTIFICATE OF APPEALABILITY** |

Petitioner Rufino Rodriguez-Linares, proceeding pro se, has filed a Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (the "Motion"). Petitioner seeks relief on the grounds that due to his alien status, he is ineligible for a one-year reduction of sentence through a drug program, and early release to a half-way house, or a Unicor job. (*Motion* [Doc. 26], 2 of 5.) Petitioner argues that the availability of these programs to United States citizens but not to aliens violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and violates the Equal Rights Act of 1964.

The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1 (d.1). For the reasons stated below, the Court **DENIES** the Motion [Doc. 26] and **DENIES** a certificate of appealability.

I. **DISCUSSION**

    A. **Petitioner's Motion is barred by the terms of his Plea Agreement.**

On June 14, 2012, Petitioner entered a Plea Agreement in which he pled guilty to importation of five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 952 and 960. (*Plea Agreement* [Doc. 15], ¶ I. A.) The crime carries a mandatory-minimum term of 10 years to a maximum of life in prison. As part of the agreement, Petitioner waived his rights to appeal or collaterally attack his sentence. (*Id.*, ¶ XI.)

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. See id. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered the Plea Agreement with his attorney's advice and consent and Petitioner represented that he fully understood the agreement. (*Plea Agreement*, 1:16–21; ¶ XV.) Petitioner also represented that his plea was knowing and voluntary (*id.* ¶ VI), and that he was satisfied with his attorney's performance (*id.*, ¶ XVI). Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract

principles, including the parol evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parol evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990). Here, the Plea Agreement explicitly states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack [his] sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing, or the mandatory minimum sentence, whichever is greater. If the custodial sentence is greater than the high end of that range or the mandatory minimum sentence, whichever is greater, Defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agreement*, ¶ XI.) The appeal waiver is, therefore, valid as long as Petitioner's sentence was not above the high end of the guideline range recommended by Respondent or the statutory mandatory minimum term. Because Petitioner's sentence of 51 months imprisonment is consistent with the terms of the Plea Agreement, Petitioner's collateral attack on his sentence is barred. See Washington v. Lampert, 422 F.3d 864, 869–70 (9th Cir. 2005) (recognizing that district court lacks jurisdiction to hear case if sentencing agreement's waiver of the right to file a federal habeas petition was valid).

//
//

**B.     Petitioner is not entitled to a Certificate of Appealability.**

Under 28 U.S.C. § 2253(c), Petitioner must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding.  A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003), citing Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is not warranted in this case.

## II.    CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Petitioner's Motion [Doc. 26]. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, this Court also **DENIES** a certificate of appealability.

The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED:  December 17, 2012

_____
Hon. Thomas J. Whelan
United States District Judge